# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TEKNOVATION CORPORATION,**

          **Plaintiff,**

**-vs-**                                   **Case No. 6:05-cv-666-Orl-22KRS**

**DRIVE THRU TECHNOLOGY, INC.,
DARRELL REED, SHANNON
MARTINDALE, JIM MACK, DEREK
FELISE, GERALD SPARROW, ED
BUTLER, and ROBERT OROZCO,**

          **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration after oral argument on the following motions filed herein:

> **MOTION:**   **DEFENDANT ED BUTLER'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE (Doc. No. 24)**
>
> **FILED:**   **JUNE 20, 2005**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

> **MOTION:** **DEFENDANT ROBERT OROZCO'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE (Doc. No. 27)**
>
> **FILED:** **June 20, 2005**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

> **MOTION:** **DEFENDANT GERALD SPARROW'S MOTION TO DISMISS FOR IMPROPER VENUE, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE (Doc. No. 30)**
>
> **FILED:** **June 20, 2005**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

> **MOTION:** **DEFENDANT SHANNON MARTINDALE'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE (Doc. No. 33)**
>
> **FILED:** **June 20, 2005**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

> **MOTION:** **DEFENDANT DARRELL REED'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE (Doc. No. 36)**
>
> **FILED:** **June 20, 2005**
>
> ──────────────────────────────────────────
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

> **MOTION:** **DEFENDANT JIM MACK'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE (Doc. No. 39)**
>
> **FILED:** **June 20, 2005**
>
> ──────────────────────────────────────────
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

> **MOTION:** **DEFENDANT DARRICK FELISE'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE (Doc. No. 42)**
>
> **FILED:** **June 20, 2005**
>
> ──────────────────────────────────────────
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

| | |
|---|---|
| **MOTION:** | **DEFENDANT DRIVE THRU TECHNOLOGY INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE (Doc. No. 50)** |
| **FILED:** | **June 20, 2005** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

The parties, through their counsel, announced to this Court that each defendant consents to personal jurisdiction in the District of Colorado and that none of the defendants will challenge the exercise of personal jurisdiction or the propriety of the venue of the case in the District of Colorado. They further stipulate to a bench trial in the District of Colorado, and all parties waive the right to seek arbitration of the matters raised in the complaint. Based upon this agreement, the parties request that this Court grant the motion to transfer venue to the District of Colorado.

Based upon the agreement of the parties, I respectfully recommend that the Court grant each of the above-captioned motions to the extent that they seek transfer of the case to the District of Colorado, and deny the motions in all other respects. I further recommend that the Court transfer the case to the District of Colorado and, after such transfer is completed, direct the Clerk of Court to close this file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking

the factual findings on appeal.

       Recommended in Orlando, Florida on August 22, 2005.

                                              *Karla R. Spaulding*
                                              KARLA R. SPAULDING
                                    UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy